**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| GRANGE MUTUAL CASUALTY COMPANY, INC., | ) | |
| PLAINTIFF, | ) | CIVIL ACTION FILE NO. 1:16-CV-03058-SCJ |
| v. | ) | |
| TERRIE SLAUGHTER, DAMITRA BAISDEN, MARK T. LUCAS, FOUR SEASONS TRUCKING, INC., AND FOUR SEASONS TRUCKING & GRADING, INC., | ) | |
| DEFENDANTS. | ) | |

**DEFENDANT DAMITRA BAISDEN'S REPLY TO PLAINTIFF GRANGE MUTUAL CASUALTY COMPANY, INC.'S RESPONSE TO DEFENDANT DAMITRA BAISDEN'S MOTION FOR SUMMARY JUDGMENT**

Defendant Damitra Baisden files this Reply to Plaintiff Grange Mutual Casualty Company Inc.'s Response to Ms. Baisden's Motion for Summary Judgment. Defendant Baisden shows that the evidence of record continues to support her Motion for Summary Judgment and asks the Court to grant her Motion as requested. Defendant further relies on the following Brief in Support.

This 28th day of July, 2017.

Respectfully submitted,

/s/ SK ROD DIXON
SK Rod Dixon
Georgia State Bar No. 223395
Attorney for Defendant Damitra Baisden

Dixon Davis, LLC
1349 W. Peachtree Street
Suite 1995
Atlanta GA 30309
404-733-1166 or (404) 593-2620
404-478-7240 (fax)

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

GRANGE MUTUAL CASUALTY COMPANY, INC.,

PLAINTIFF,

v.

TERRIE SLAUGHTER, DAMITRA BAISDEN, MARK T. LUCAS, FOUR SEASONS TRUCKING, INC., AND FOUR SEASONS TRUCKING & GRADING, INC.,

DEFENDANTS.

CIVIL ACTION
FILE NO. 1:16-CV-03058-SCJ

**BRIEF IN SUPPORT OF DEFENDANT DAMITRA BAISDEN'S REPLY TO PLAINTIFF GRANGE MUTUAL CASUALTY COMPANY, INC.'S RESPONSE TO HER MOTION FOR SUMMARY JUDGMENT**

**ARGUMENT AND CITATION OF AUTHORITY**

Admittedly, Defendant's Motion for Summary Judgment was hastily drafted. That said, all elements, and factual support, necessary for granting Defendant summary judgment are contained within the Brief filed in support of her Motion for Summary Judgment. What is initially striking about Plaintiff's Response is that it wholly fails to address the lynchpin of the Motion, that is: the Grange policy for Four Seasons Trucking & Grading, Inc. ("FSTG") lists the Truck as one owned by FSTG.

While legal registration of the Truck was in the name of Four Seasons Trucking, Inc. ("FST"), Grange insured the Truck as one owned by FSTG. This is far more than a conclusory allegation, as ownership is so stated on the face of the policy.

Defendant's Motion is tethered in basic principles of insurance contract interpretation in Georgia. One principle is that the plain language of the contract is honored.[1] Another principle is that if contract language is susceptible to multiple interpretations, that language is ambiguous, even when each of the multiple interpretations is reasonable.[2] A third principal is that when ambiguities exist, those ambiguities will be construed against the insurer, and every effort will be made to read the contract to meet the reasonable expectations of the insured.[3]

In this case, the plain language of FSTG Policy CPP 2623822-05, Docket No. 46-7, shows that the Truck at issue is one "owned" by FSTG because it is listed in the policy as a vehicle owned by FSTG.[4] Thus, plain language controlling, the Truck is a covered auto respecting the underlying collision.

---

[1] Lee, Black, Hart & Rouse, P.C. v. Travelers Indem. Co., 291 Ga. App. 838, 839 (2008) (internal citations omitted).

[2] Hurst v. Grange Mut. Cas. Co., 266 Ga. 712, 716, 470 S.E.2d 659 (1996); see also OCGA § 13-2-2.

[3] Richards v. Hanover Ins. Co., 250 Ga. 613, 615, 299 S.E.2d 561 (1983).

[4] In Grange's response to Defendant's Statement of Material Fact 14, Grange quibbles with the Truck not being listed in one part of the policy but, ultimately,

Grange correctly points out that Natalie Atkinson, President of FST, testified that FST owns the Truck and that the Truck is registered to FST. These facts, though, do not change the plain meaning of the insurance contract and how Grange chose to approach insuring this vehicle. That Grange should not now be allowed to alter the plain meaning of the insurance contract is embodied in principle three, above, that the contract should be read in accordance with the reasonable expectations of the insured where possible. Here, and very interestingly, there is no doubt that the Truck was "on" the FSTG policy, specifically listed as vehicle 21, and that it was nowhere listed on or in the FST policy. This is evidence that the reasonable expectation of FSTG (and Grange for that matter) was that the Truck be insured for FSTG.

Further, it is undisputed that the Grange-issued policy listed the Truck as one owned by FSTG, that Grange accepted a premium payment for insuring the Truck on the FSTG policy,[5] and that Grange took no issue with this arrangement until Mr.

---

admits that it is identified as "Vehicle 21" on the declarations sheet, which, of course, is part of the policy. Grange failed to complete this admission by acknowledging that the Truck is identified as Vehicle 21 in the declarations sheet's Schedule of Covered Autos **You Own**. (See Docket No. 46-7, Emphasis added.)

[5] Grange, being in a better position than anyone to know whether it accepted a premium as asserted, does not deny that it got paid. It defends by stating that Ms. Baisden did not provide a receipt of the payment it received. But Grange has never asserted, and will never assert, a lack of coverage due to failure of premium payment.

Lucas collided with Ms. Baisden. Under these circumstances, it can be nothing but the reasonable expectation of all parties that the Truck have insurance under the FSTG policy.

At worst, what Grange has (certainly unwittingly) done in trumpeting Ms. Atkinson's testimony that FST "owned" the Truck and that the Truck is registered to FST is generate an ambiguity in the contract: nowhere does the insurance contract define "own." Grange now takes the position that "own" means registration. Yet, at the time it insured the Truck, "own" was sufficiently defined by listing the Truck in the ownership column of the policy. If Defendant is correct that an ambiguity exists, then this ambiguity must be construed in favor of coverage.

If this Court does not accept that the FSTG policy, either on its face or because of an ambiguity, provides coverage for the Truck, then Defendant loses its Motion for Summary Judgment. But if the Court accepts the analysis as argued by Defendant, then the next turn is to evaluate whether the FST policy also provides coverage for the subject collision.

Defendant asserts that the FST Policy also provides coverage, specifically under Symbol 8 as described in the Business Auto Courage Form that is a part of FST Policy #CPP 2619526-06, which was issued by Grange. Docket No. 46-5 at 1 and 15. Under Symbol 8, a covered auto, for purposes of this analysis, is one FST

borrows. While Grange correctly points out that Defendant's Motion argues by inference that FST borrowed the Truck, FST president Natalie Atkinson provided an affidavit in support of FST's Motion for Summary Judgment. Ms. Atkinson's Affidavit makes clear that on the date of the collision, FST held the Truck on loan from FSTG. Docket No. 49-2 at ¶ 11. This fact is undisputed in the actual evidence. As thus viewed, the FST policy also provides coverage.[6]

In its Response, Grange asserts that the owner of a vehicle cannot borrow it. Of course, Defendant assumes Grange would not maintain this position if, as Defendant asserts, FSTG owns the vehicle as the insurance contract assumes, accepts, and insures.

If the Court agrees with this analysis, Grange may maintain the position that coverage is excluded under Endorsement CA 75. This Endorsement provides that in a situation where there is a borrowed auto, the owner or anyone else "from whom" the auto is borrowed, "including their agents or employees" is not covered. Docket No. 46-7 at 24. This Endorsement simply does not apply. With respect to the FST policy, this Endorsement means that the **FST policy** does not cover FSTG. This Endorsement contained in the FST policy does not eliminate the coverage that exists

---

[6] It is undisputed that if the FST Policy provides coverage, then the FST Umbrella Policy, Docket No. 46-6, also provides coverage.

under the **FSTG policy**. Further, the Endorsement under the FST policy would preclude coverage for an employee of FSTG, not for an employee of FST. And as FST has repeatedly argued, Mr. Lucas was its employee. Endorsement 75 as contained in the FSTG policy would simply have no applicability because FSTG owns the vehicle, as opposed to borrows it.

Finally, Grange argues that the FSTG policy does not apply because Mr. Lucas was not working for FSTG. This is why it was important to point out that the Powell Affidavit confirms that the driver Mr. Lucas was added to the FSTG policy as an actual insured. Docket No. 49-4 (Powell Aff.) at ¶¶ 14 (as to FSTG Policy). So not only was FSTG insured under the policy, but Mr. Lucas was insured under the policy.

Further, in arguing for no coverage because Mr. Lucas was not working for FSTG, Grange is again making up definitions and contract language where none exist. Nothing in the FSTG policy limits its coverage to situations where someone is performing work for FSTG. If that is a limitation FSTG wanted, it should have included that in the contract. Instead, the situation would be more akin to someone lending a passenger vehicle to a relative: the owner's insurance still covers the vehicle even if that relative is not engaged in business on the owner's behalf. Such

is the case here. Grange issued a policy to FSTG covering the vehicle, with no further relevant exclusion.

**CONCLUSION**

Grange's Response never directly addresses why the FSTG Policy lists the Truck as one owned by FSTG. It would be impossible for Grange to address this fact without admitting either that the plain language of the contract shows FSTG as the owner or admitting that the contract is ambiguous. Under either scenario, Defendant is entitled to summary judgment and respectfully requests that the Court enter an order to that effect.

This 28th day of July, 2017.

Respectfully submitted,

/s/ SK ROD DIXON
SK Rod Dixon
Georgia State Bar No. 223395
Attorney for Defendant Damitra Baisden

Dixon Davis, LLC
1349 W. Peachtree Street
Suite 1995
Atlanta GA 30309
404-733-1166 or (404) 593-2620
404-478-7240 (fax)

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GRANGE MUTUAL CASUALTY COMPANY, INC.,<br><br>PLAINTIFF,<br><br>v.<br><br>TERRIE SLAUGHTER, DAMITRA BAISDEN, MARK T. LUCAS, FOUR SEASONS TRUCKING, INC., AND FOUR SEASONS TRUCKING & GRADING, INC.,<br><br>DEFENDANTS. | CIVIL ACTION<br>FILE NO. 1:16-CV-03058-SCJ |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing DEFENDANT DAMITRA BAISDEN'S REPLY TO PLAINTIFF GRANGE'S RESPONSE TO BAISDEN'S MOTION FOR SUMMARY JUDGMENT, as well as the supporting and attached BRIEF, by electronic filing and service via CM/ECF, which will notify all persons by e-mail.

Trevor Heistand, Esq.
Emaly Standridge, Esq.
Waldon Adelman Castilla Heistand & Prout
900 Circle 75 Parkway, Suite 1040
Atlanta, GA 30339

David Dozier, Esq.
The Dozier Law Firm, LLC
327 Third Street
P.O. Box 13
Macon, Georgia 31202

John Kuruvilla, Esq.
Kuruvilla Law Firm, PC
3340 Peachtree Road
Suite 1800
Atlanta, Georgia 30326

This 28th day of July, 2017.

/s/ SK ROD DIXON
SK ROD DIXON
Georgia State Bar No. 223395
Attorney for Defendant Damitra Baisden

Dixon Davis, LLC
1349 W. Peachtree Street
Suite 1995
Atlanta GA 30309
404-733-1166 or (404) 593-2620
404-478-7240 (fax)

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

GRANGE MUTUAL CASUALTY COMPANY, INC.,

PLAINTIFF,

v.

TERRIE SLAUGHTER, DAMITRA BAISDEN, MARK T. LUCAS, FOUR SEASONS TRUCKING, INC., AND FOUR SEASONS TRUCKING & GRADING, INC.,

DEFENDANTS.

CIVIL ACTION
FILE NO. 1:16-CV-03058-SCJ

**Certificate of Compliance**

The undersigned hereby certifies that the foregoing DEFENDANT DAMITRA BAISDEN'S REPLY TO PLAINTIFF GRANGE MUTUAL CASUTALTY COMPANY, INC.'S RESPONSE TO DEFENDANT DAMITRA BAISDEN'S MOTION FOR SUMMARY JUDGMENT, as well as the supporting and attached BRIEF, comply with the font and point selections approved by the Court in Local Rule 5.1B. The foregoing document has been prepared in Times New Roman font, 14 point.

This 28th day of July, 2017.

*/s/* SK ROD DIXON
SK ROD DIXON
Georgia State Bar No. 223395
Attorney for Defendant Damitra Baisden

Dixon Davis, LLC
1349 W. Peachtree Street
Suite 1995
Atlanta, GA 30309
404-733-1166 or (404) 593-2620
404-478-7240 (fax)