# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GRANGE MUTUAL CASUALTY COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TERRIE SLAUGHTER, DAMITRA )<br>BAISDEN, MARK T. LUCAS, )<br>FOUR SEASONS TRUCKING, )<br>INC., and FOUR SEASONS TRUCKING & )<br>GRADING, INC., )<br>)<br>Defendants. ) | Civil Action<br>Case No. 1:16-cv-03058-SCJ |

## DEFENDANTS FOUR SEASONS TRUCKING & GRADING, INC.'S AND FOUR SEASONS TRUCKING, INC.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

COMES NOW, defendant Four Seasons Trucking & Grading, Inc. (sometimes hereinafter "Grading"), and defendant Four Seasons Trucking, Inc. (sometimes hereinafter "Trucking"), and files this Reply in support of their Motion for Summary Judgment, showing the Court as follows.

I.   **Introduction and Summary of Argument**

The policies at issue in this case are as follows:

1)   Four Seasons Trucking & Grading, Inc.'s insurance policy with Grange Mutual Casualty Company (sometimes hereinafter "Grange"), Policy

Period 10/15/2014 – 10/15/2015, Policy Number CPP 2623822-05 (sometimes hereinafter "Grading Policy");

  2)  Four Seasons Trucking, Inc.'s insurance policy with Grange, Policy Period 3/16/2015 – 3/16/2016, Policy Number CPP 2619526-06 (sometimes hereinafter "Trucking Policy"); and

  3)  Four Seasons Trucking, Inc.'s umbrella policy with Grange, Policy Period 3/16/2015 – 3/16/2016, Policy Number CUP 2619527-06 (sometimes hereinafter "Trucking Umbrella Policy")[1].

## II. Argument and Citation of Authority

**A. Grange's argument that there is no coverage under the Grading Policy ignores the undisputed evidence and the language of the Trucking Policy.**

  ***1. Because there is no evidence that disputed the authority of Yates Insurance to add Mark Lucas as a covered insured under the Grading Policy, Mark Lucas is an insured under the Grading Policy for the October 12, 2015 accidents.***

Though Grange, in its Response to Numbers 26 and 35 Grading's and Trucking's Statement of Material Facts, attempts to dispute the evidence establishing that Yates Insurance had the authority to add Mark Lucas as a covered

---

[1] Though Grading and Trucking use the same definitions for the referenced policies in both their Motion for Summary Judgment and their Response to Grange's Motion for Summary Judgment, these definitions have again been listed for ease of reference.

2

insured, and that Yates in fact did so, Grange has not offered any evidence that disputes these facts. Local rule 56.1(B)(2)(a)(2) states as follows:

> "This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number);"

In this case, Grange did not rely on any evidence in attempting to dispute the above material facts, but merely cited to the entire Grading Policy and the entire Trucking Policy attached in support of Grange's Motion for Summary Judgment in denying these facts. However, these policies do not set forth any evidence on the factual issue of whether Yates Insurance had the authority to add Mark Lucas as a covered insured, and whether Yates in fact did so. Accordingly, these facts are undisputed, and Numbers 26 and 35 Grading's and Trucking's Statement of Material Facts are deemed admitted. See, Local rule 56.1(B)(2)(a)(2).[2]

    2.    ***Though Grange seeks to exclude coverage under the Grading Policy on the basis that Four Seasons Trucking & Grading, Inc. was not involved in the October 12, 2015 accidents, this position is without merit, because Mark Lucas was driving a truck that was covered under the Grading Policy at the time of the October 12, 2015 accidents, and because there is no basis under the Grading Policy for excluding coverage on the basis that Four Seasons Trucking & Grading, Inc. was not involved in the October 12, 2015 accidents.***

---

[2] For the same reasons, specifically, the failure of Grange to come forth with evidence disputing Numbers 27 and 37 of Grading's and Trucking's Statement of Material Facts, Numbers 27 and 37 of Grading's and Trucking's Statement of Material Facts are deemed admitted.

As established in Section II(A)(1) of this Reply, Mark Lucas was added as an insured to the Grading Policy. It has also been established that Four Seasons Trucking & Grading, Inc. was an insured under the Grading Policy. <u>See</u>, Section II(A) of Grading's and Trucking's Motion for Summary Judgment. And for the reasons set forth in Section II(A) of Grading's and Trucking's Motion for Summary Judgment, Mark Lucas was driving a covered "auto" at the time of the October 12, 2015 accidents. Accordingly, both Mark Lucas and Four Seasons Trucking & Grading, Inc. are covered for the October 12, 2015 accidents under the Grading Policy. <u>See</u>, Grading Policy at bates number 0050, Section II(A) – LIABILITY COVERAGE, attached as Ex. 1 to Ex. B to Grading's and Trucking's Motion for Summary Judgment [Doc. 49].

Grange, however, points to language in the Grading Policy stating that Grange will pay the sums that an " 'insured' legally must pay as damages", and claims that this is a bar to coverage under the Grading Policy as there is no evidence presented by Grading that Grading was involved in the October 12, 2015 accidents. Grange's argument ignores one of the personal injury plaintiff's theories of liability.

In her Complaint, Damitra Baisden pled that Four Seasons Trucking & Grading, Inc. negligently entrusted the subject truck to Mark Lucas, that this caused the October 12, 2015 accidents, and that, as a result, Baisden sustained

4

damages. See, copy of Damitra Baisden Complaint at ¶¶ 15, 19, 21, attached hereto and incorporated herein by reference as Exhibit "E". Under Georgia law, " . . . the allegations of the Complaint are looked to [in order] to determine whether a liability covered by the policy is asserted." See, Great American Ins. Co. v. McKemie, 244 Ga. 84, 85 (1979). In a coverage case, the issue is not whether the insured is liable for the personal injury plaintiff's claims, but whether claims have been raised that fall within the scope of the policy. See, Yeomans & Associates Agency, Inc. v. Bowen Tree Surgeons, Inc., 274 Ga.App. 738, 741-742 (2005). If claims have been raised that fall within the scope of the policy, such claims are covered, and the insurer has a duty to defend[3], even if such claims are " . . . groundless, false or fraudulent." Id., citing from Southern Guaranty Ins. Co. v. Dowse, 278 Ga. 674, 676 (2004). Because Baisden, in the underlying personal injury case, pled that Grading's negligent entrustment of the subject vehicle to defendant Mark Lucas caused her to sustain " ' bodily injury' . . . . caused by an 'accident' [that resulted] from the . . . use of a covered 'auto' ", this claim falls within the scope of and is therefore covered by the Grading Policy. Id. See also, Grading Policy at bates number 0050, Section II(A) – LIABILITY COVERAGE,

---

[3] An insurer's duty to defend is part of its duty to cover a claim asserted under an insurance policy. See, Yeomans & Associates Agency, Inc. at 741-742. An insurer's duty to cover a claim asserted under an insurance policy consists of two prongs – a duty to defend, and a duty to cover, each of which is independent from the other. Id. at 742.

attached as Ex. 1 to Ex. B to Grading's and Trucking's Motion for Summary Judgment [Doc. 49]. Though Grange appears to be arguing that Grading was not involved in the October 12, 2015 accidents, Baisden's Complaint claims that Grading was involved in the October 12, 2015 accidents, and therefore, such claims " . . . are looked to [in order] to determine whether a liability covered by the policy is asserted." See, Ex. E at ¶ 6. See also, Great American Ins. Co. at 85. Because claims asserted by Baisden in the underlying personal injury action fall within the scope of the Grading Policy, Grange's claim that coverage should be excluded (because there is no evidence that Grange was involved in the October 12, 2015 accidents) is baseless.

Further, there is no basis for excluding coverage for Mark Lucas under the Grading Policy on the basis that there is no evidence that Grading was not involved in the October 12, 2015 accidents. As set forth in Grading's and Trucking's Motion for Summary Judgment, coverage under the Grading Policy separately applies to defendant Lucas for the October 12, 2015 accidents. See, Doc. 49 at p. 10. Personal injury plaintiff Damitra Baisden and Terri Slaughter pled that Mark Lucas' negligence caused the October 12, 2015 accidents, and that they sustained bodily injuries as a result of the respective accidents. See, Ex. E at ¶¶ 13, 19, 21. See also, copy of Terri Slaughter's Complaint at ¶¶ ___, attached hereto and incorporated herein by reference as Exhibit "F". Because these Complaints claim

6

that Mark Lucas's negligence caused the personal injury plaintiffs to sustain " ' bodily injury' . . . . caused by an 'accident' [that resulted] from the . . . use of a covered 'auto' ", these claims fall within the scope of and are therefore covered by the Grading Policy.  See, Yeomans & Associates Agency, Inc. v. Bowen Tree Surgeons, Inc., 274 Ga.App. 738, 741-742 (2005), citing from Southern Guaranty Ins. Co. v. Dowse, 278 Ga. 674, 676 (2004).  See also, Grading Policy at bates number 0050, Section II(A) – LIABILITY COVERAGE, attached as Ex. 1 to Ex. B to Grading's and Trucking's Motion for Summary Judgment [Doc. 49].

Because claims asserted by personal injury plaintiffs Baisden and Slaughter in the underlying personal injury actions fall within the scope of the Grading Policy, Grange's claim that coverage should be excluded under the Grading Policy for Mark Lucas (because there is no evidence that Grange was involved in the October 12, 2015 accidents) is also baseless.

### *3.   Contrary to Grange's assertions, the truck driven by Mark Lucas was a covered auto under the Grading Policy.*

In its Response to Grading's and Trucking's Motion for Summary Judgment, by stating that the insured status of Mark Lucas is irrelevant to this coverage action, it appears that Grange has abandoned its argument advanced in its Motion for Summary Judgment that Endorsement 75 excluded defendant Mark Lucas as a covered driver.  See, Doc. 57 at p. 6.  See also, Doc. 46 at pp. 11-12. Grading also adopts the footnote in Section II(A)(1) in response to any argument

regarding the status of Mark Lucas as an insured. Further, though Grange claims that it established in its own Motion for Summary Judgment that the subject truck was not a covered auto under the Grange Policy, it never made this argument in its Motion for Summary Judgment. See, Doc. 46 at p. 11. Instead, Grange merely referenced that the subject truck was owned by Four Seasons Trucking, Inc., and that Four Seasons Trucking & Grading, Inc. was not involved in the October 12, 2015 collisions. However, the fact that the truck was owned by Trucking does not bar coverage. See, Section II(A), pp. 5-6, of Grading's and Trucking's Motion for Summary Judgment [Doc. 49]. Further, the claims that there is no coverage under the Grading Policy on the basis that Grading was not involved in the work involving Mark Lucas or the truck he was operating on October 12, 2015 are also without merit. See, supra, Section II(A)(2).

**B.    Though Grange argues that there is no coverage under the Trucking Policy by seeking to create a factual issue as to whether the subject truck was under lease from Trucking to Grading on October 12, 2015, this evidence is not in dispute.**

   *1.   Grange's argument that the truck could not have been borrowed because it owned the truck is without merit.*

The undisputed evidence establishes that the subject truck was under lease from Trucking to Grading on October 12, 2015. See, Affidavit of Natalie Atkinson at ¶ 8, attached as Exhibit B to Grading's and Trucking's Motion for Summary Judgment [Doc. 49]. The evidence is also undisputed that Grading had the right to

8

use the truck, *to the exclusion of Trucking*. See, Affidavit of Natalie Atkinson at ¶¶ 10-11, attached as Exhibit B to Grading's and Trucking's Motion for Summary Judgment [Doc. 49]. Specifically, the evidence is undisputed that prior to having Mark Lucas use the subject truck, Trucking obtained Grading's permission to use the truck, that the purpose of the truck being loaned was so that it could be used by Mark Lucas, and that Mark Lucas had been operating the truck on October 12, 2015 with the permission of Grading. Id.

Though Grange attempts to dispute this evidence, it has not come forth with any direct evidence in response to Numbers 9, 11 and 12 of Grading's and Trucking's Statement of Material Facts. Accordingly, this evidence is deemed to be admitted. See, Local rule 56.1(B)(2)(a)(2). If Trucking first had to obtain Grading's permission to use the subject truck, Grading could use the subject truck to the exclusion of Trucking. Accordingly, the subject truck could have been borrowed by Trucking on October 12, 2015.

### 2.   *The evidence establishing that the subject truck was under lease from Trucking to Grading on October 12, 2015 is not in dispute.*

The deposition of Natalie Atkinson was taking on August 3, 2016 in the underlying personal injury action involving Damitra Baisden.[4]  Grange attempts to create a factual dispute on the leasing issue by claiming that Ms. Atkinson's

---

[4] The original of Ms. Atkinson's deposition was filed with the clerk's office on July 20, 2017.

deposition on this issue is contradictory. However, this allegation is without merit. During her deposition, Ms. Atkinson consistently testified that the subject truck had been leased from Trucking to Grading.

It is unclear what testimony Grange is referring to when it argues that Ms. Atkinson's testimony is contradictory, as Grange does not identify the lines in the deposition transcript, nor quotes the specific language it relies upon in making this argument. However, in reviewing the two selected pages of the deposition transcript that Grange relies upon in making this argument (which is attached as Ex. 2 to its Response), there are three references to a lease. None of these references support Grange's argument. The first reference states as follows:

> "Well, when would have been the last time *that such a lease would have occurred* such that a Four Seasons Trucking, Incorporated truck was leased to Four Seasons Trucking and Grading? (emphasis added)
>
> "It has been a few years.
>
> See, Deposition of Natalie Atkinson at p. 13, lines 15-19.

This does not support Grange's argument that there was no lease for a few years prior to 2016, as the question involved when such a lease would have occurred, and is therefore inquiring as to the execution of the lease, as opposed to the time periods during which the lease would have been in effect.

On the very next page of the deposition, the lease is again discussed, and during this questioning, Ms. Atkinson testified that the truck was under lease from

Trucking to Grading, though no time frame is referenced. See, deposition of Natalie Atkinson at p. 14, lines 10-22.

Counsel again questions Ms. Atkinson as to the lease at the bottom of page 14, in which he focuses on whether the lease was in effect on October 12, 2015. Though Ms. Atkinson's answer to this question was not included as part of the Grange Exhibit, the entire transcript has been filed with the clerk's office, and the question and answer are set forth below:

"Okay. But so is it your understanding that at the time of this collision on October 12, 2015, that Four Seasons Trucking, Incorporated had leased the truck Mr. Lucas was driving to Four Seasons Trucking & Grading?

Yeah. It was on the Trucking and Grading policy."

See, deposition of Natalie Atkinson at p. 14, lines 22-25, p. 15, lines 1-4.

Given the foregoing, not only it is evident that Ms. Atkinson's testimony is not contradictory, but unequivocal that on October 12, 2015, the subject truck being operated by defendant Mark Lucas was under lease from Trucking to Grading. This testimony (that the truck was under lease from Trucking to Grading) is also corroborated by the testimony of Audley. See, deposition of Audely Atkinson at ¶ 6, attached as Exhibit C to Grading's and Trucking's Brief in Support of its Motion for Summary Judgment [Doc 49-3].

Though Grange cites the Prophecy rule, the Prophecy rule is inapplicable because it is a rule of evidence, and in a federal case based on diversity

11

jurisdiction, though the substantive law of the forum state applies, the procedural rules of federal court, including federal evidentiary rules, apply. See, Heath v. Suzuki Motor Corp., 126 F.3d 1391, 1397 (1997)(In a diversity case, federal procedural rules apply, including rules pertaining to the admissibility of evidence) However, even if the Prophecy rule were to in theory apply to this case, it is still inapplicable, as there is no contradictory evidence as to any of the issues referenced in Grange's Response to Grading's and Trucking's Motion for Summary Judgment.

**C.  In response to Grange's argument regarding Mark Lucas' status as an insured under the Trucking Policy, Trucking adopts and incorporates herein by reference footnote 2 of this Reply Brief, Section II(A)(1), and the first sentence of Section II(A)(3).**

**D.  In response to Grange's argument that there is no coverage under the Grange Umbrella Policy, Trucking adopts and incorporates herein by reference Section II(E) of Grading's and Trucking's Motion for Summary Judgment [Doc. 49], pp. 15-18.**

**E.  Grange's argument that there are two accidents instead of one is without merit.**

In response to Grading's and Trucking's interpretation of the subject policy language in the Grading Policy and the Trucking Policy that under the facts of this case, there were two accidents, Grange relies upon the definition of accident set forth in a Georgia Supreme Court case. See, State Auto Property and Casualty Company v. Matty, et al., 286 Ga. 611 (2010). What is not mentioned in Grange's

12

brief is that this definition is only a default rule, and does not apply in the absence of a definition in the subject insurance policy. Id. at 617("We further hold that it applies to the insurance contract at issue in this case, being consistent with that contract read as a whole ***and in the absence of a specific, contrary definition of 'accident.'*** ")(emphasis added).

In State Auto, the policy at issue did not define accident. Id. at 612. In this case, however, the subject policies did. Because the definition of accident, under the facts of this case, is contrary to the definition set forth in State Auto, State Auto is inapplicable to this case. Id. at 617. See also, Section II(G) of Trucking's and Grading's Brief in Support of their Motion for Summary Judgment. pp. 19-22 [Doc. 49] Further, the fact that the subject policies are defined to include the subject definition does not change the meaning of the definition under the facts of this case, as the definition of accident under the facts of this case is contrary to the definition set forth in State Auto.

Given the foregoing, Grange's argument that under the terms of the subject policies, there were two accidents instead of one is without merit.

This 2nd day of August, 2017.

**KURUVILLA LAW FIRM, P.C.**

/s/ John V. Kuruvilla

_____
John V. Kuruvilla
Georgia Bar No. 903278
Counsel for defendants Four Seasons
Trucking, Inc. and Four Seasons
Trucking & Grading, Inc.

Tower Place 100
3340 Peachtree Road, Suite 1800
Atlanta, GA  30326
Telephone:  (404) 814-0545
Facsimile:  (404) 814-5965
E-Mail:     jvk@kuruvillalaw.com

**CERTIFICATION OF FONT**

Pursuant to LR 7.1D and 5.1C, defendant Four Seasons Trucking & Grading, Inc. and defendant Four Seasons Trucking, Inc. certify that this document has been prepared in Times New Roman, 14 point font.

## CERTIFICATE OF SERVICE

This is to certify that I have this date served upon the following parties in the foregoing matter a copy of **DEFENDANTS FOUR SEASONS TRUCKING & GRADING, INC.'S AND FOUR SEASONS TRUCKING, INC.'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** via U.S. First Class Mail, addressed as follows:

Trevor Hiestand, Esq.
Waldon, Adelman, Castilla, Heistand & Prout
900 Circle 75 Parkway, Suite 1040
Atlanta, GA 30339
thiestand@wachp.com

Rod Dixon, Esq.
The Dixon Firm, P.C.
1349 West Peachtree Street, Suite 1995
Atlanta, GA 30309
rod@dixonfirm.com

David Dozier, Esq.
327 Third Street
P.O. Box 13
Macon, GA 31202-0013
david@dozierlaw.com

This 2nd day of August, 2017.

**KURUVILLA LAW FIRM, P.C.**

/s/ John V. Kuruvilla

John V. Kuruvilla
Georgia Bar No. 903278
Counsel for defendants Four Seasons Trucking, Inc. and Four Seasons Trucking & Grading, Inc.

Tower Place 100  
3340 Peachtree Road, Suite 1800  
Atlanta, GA  30326  
Telephone:  (404) 814-0545  
Facsimile:   (404) 814-5965  
E-Mail:      jvk@kuruvillalaw.com